IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HERMAN RAGLAND, | Case No. 1:25-cv-0075-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| WORKSTEPS, INC., | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Plaintiff Herman Ragland's ("Ragland" or "Plaintiff") Motion to Remand and Motion for Attorney's Fees ("Plaintiff's Motion"), filed on February 14, 2025. (Doc. No. 7).  On February 28, 2025, Defendant WorkSTEPS, Inc. ("WSI" or "Defendant") filed a Brief in Opposition to Plaintiff's Motion ("Defendant's Opposition").  (Doc. No. 11).  On March 3, 2025, Plaintiff filed a Reply Brief in support of Plaintiff's Motion ("Plaintiff's Reply").  (Doc. No. 13.)

For the following reasons, Plaintiff's Motion (Doc. No. 7) is GRANTED and the Court will retain jurisdiction to determine the amount of costs and actual expenses, including attorney's fees, that Plaintiff has incurred, and to be awarded to Plaintiff.

I.  Background[1]

This case concerns WSI's alleged sale of continuous positive airway pressure machines, equipment, and monitoring devices ("CPAP devices") to Ragland and a similarly situated class of

---

[1] Only the facts and procedural history relevant to the disposition of the Motion are set forth herein.

consumers without disclosing two finance charges, an administrative fee of $110 and an application fee of $46. (Doc. No. 1 at PageID#s 8-9; Doc. No. 7 at PageID#s 233-34.)

On December 21, 2023, Ragland filed a Complaint on behalf of himself in the Cuyahoga County Court of Common Pleas, asserting five counts against WSI, alleging that WSI's sale of a CPAP device to Ragland violated the federal Truth-in-Lending Act, 15 U.S.C. § 1640 *et seq.* ("TILA"); the Ohio Retail Installment Sales Act, Ohio Rev. Code § 1317.01 *et seq.* ("ORISA"); and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* ("OCSPA"). (Doc. No. 1 at PageID# 1; Doc. No. 7 at PageID#s 233-34; Complaint, *Ragland v. WorkSteps, Inc.*, Case No. CV-23-990433, C.P. Cuyahoga County, ¶¶ 19-47.)[2]

In discovery, Ragland allegedly learned that WSI charges the same $110 administrative fee and $46 application fee only to consumers who finance their medical devices but not to consumers who pay for the CPAP devices as a lump sum. (Doc. No. 1-1 at PageID#s 4-5; Doc. No. 7 at PageID# 234.) On December 16, 2024, Ragland filed his First Amended Class Action Complaint (the "Amended Complaint") in the Cuyahoga County Court of Common Pleas pursuant to Ohio R. Civ. P. 23, asserting four counts against WSI for violations of TILA, ORISA, and OCSPA, on behalf of himself and similarly situated consumers. (Doc. No. 1 at PageID# 1; *Id.* at PageID#s 4-17; Doc. No. 7 at PageID# 234.) Unlike in the Complaint, the First Amended Complaint requests "all relief

---

[2] This court may take judicial notice of documents filed in *Ragland v. WorkSteps, Inc.*, Case No. CV-23-990433 in the Cuyahoga County Court of Common Pleas because "[f]ederal courts may take judicial notice of proceedings in other courts of record." *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969) (collecting cases) (taking judicial notice of state court filings because "the state court proceedings were within the jurisdiction of the District Court and were directly concerned with the same parties and the same subject matter."); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Because this court sits to decide real cases, not abstract questions of law, and because an adequate understanding of a case is essential to our decision, we have examined the record in the state court in an effort to ascertain the facts."); *see, e.g., City of Cincinnati v. Smith*, 2010 WL 2331973 at *2 (S.D. Ohio June 8, 2010) (taking judicial notice of state court complaint to resolve motion to remand under § 1441).

pursuant to TILA, 15 USC 1640, et seq. including 1% of the net worth of WSI up to $1,000,000[.]" (Doc. No. 1-1 at PageID#s 17-18.) On January 15, 2025, WSI filed a Notice of Removal ("Defendant's Notice") in this Court, contending that "this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)."[3] (Doc. No. 1 at PageID# 2.) On February 14, 2025, Ragland filed Plaintiff's Motion. (Doc. No. 7.) On February 28, 2025, WSI filed Defendant's Opposition. (Doc. No. 11). On March 3, 2025, Ragland filed Plaintiff's Reply. (Doc. No. 13.)

## II. Standard of Review

A defendant may remove to federal court only state court actions that originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). To remove a case based on diversity, the diverse defendant must demonstrate that all prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. Under § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

The court must give "due regard" to the power reserved to the states under the Constitution to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Accordingly, removal statutes must be construed strictly to promote comity and preserve jurisdictional boundaries between state and federal courts. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "[A]ll doubts as to the propriety

---

[3] WSI did not invoke this Court's jurisdiction pursuant to the Class Action Fairness Act. (Doc. No. 1 at PageID#s 1-3; Doc. No. 7-1 at PageID# 245.)

3

of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The defendant seeking removal bears the burden of proving the court's jurisdiction. *See Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). In determining whether removal was proper, a trial court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

## III. Analysis

### A. Timeliness of Removal

Defendant's Notice purports to be timely because WSI filed it within thirty (30) days after Ragland filed his Amended Complaint on December 16, 2024, thereby invoking 28 U.S.C. § 1446(b)(3) as the basis for its removal.[4] (Doc. No. 1 at PageID#s 1-2.) In Plaintiff's Motion, Ragland argues that because WSI failed to file a notice of removal within thirty (30) days after Ragland filed the Complaint asserting the federal TILA claim on December 21, 2023, WSI missed its window to remove the case to this Court. (Doc. No. 7 at PageID# 235.) In Defendant's Opposition, WSI does not respond to Ragland's timeliness argument. Rather, WSI's sole argument in opposition to

---

[4] The Notice appears to mistakenly assume that the Amended Complaint is the "initial pleading" under § 1446(b). (Doc. No. 1 at PageID# 2.) However, the "initial pleading" under § 1446(b) is the Complaint, filed on December 21, 2023, because that is the document which commenced the action. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993) ("State law determines when an action is commenced for removal purposes."); Ohio R. Civ. P. 3; *see also Mayes v. Am. Hallmark Ins. Co. of Tex.*, 114 F.4th 1077, 1078 (9th Cir. 2024) ("In plainer terms, § 1446(b)(1) establishes a time limit for removal that generally starts to run when the defendant receives a copy of the initial pleading, which is typically a complaint."). While Defendant's Notice does not specify WSI's statutory basis for removal beyond a general citation to § 1446(b), WSI filed its Notice exactly 30 days after Ragland served the Amended Complaint on WSI, and WSI cites the Amended Complaint, filed on December 16, 2024, as its basis for removal. (Doc. No. 1 at PageID#s 1-2.) Thus, WSI evidently intended to invoke § 1446(b)(3) because that is the sub-section of the removal statute which allows removal after service of an "amended pleading" within thirty (30) days. *Compare* 28 U.S.C. § 1446(b)(1) *with id.* § 1446(b)(3).

Plaintiff's Motion is that TILA's statutory scheme permits a damage award exclusive to class actions under 15 U.S.C. § 1640(a)(2)(B) that the Court could not have considered in an individual action asserting a TILA claim. (Doc. No. 11 at PageID# 257-58.) In Plaintiff's Reply, Ragland reiterates that "WSI did not remove this case based on federal law when it had the right to do so" because the Complaint contained a federal claim under TILA. (Doc. No. 13 at PageID#s 267, 278.) For the reasons set forth below, the Court agrees with Ragland that 28 U.S.C. § 1446(b)(1) applies, and that WSI failed to file a timely removal notice within the thirty-day (30) removal period as set forth therein.[5]

28 U.S.C. § 1441 allows defendants to remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Therefore, "[f]or a case to be removable, a federal district court must have 'original jurisdiction' over the case." *Enbridge Energy*, 104 F.4th at 965 (quoting *Id.*). "Federal courts have original jurisdiction over two types of cases: cases that involve a federal question, and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied." *Nessel ex rel. Mich. v. Amerigas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (internal citation omitted); *see also* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

A plaintiff may challenge a defendant's attempt to remove a case to federal court for both procedural and jurisdictional defects. *See* 28 U.S.C. § 1447(c) (allowing motions to remand based

---

[5] A court may properly remand a case due to a defendant's failure to timely remove a case without first determining whether the court has subject-matter jurisdiction. *See Nessel on behalf of People of Michigan v. Enbridge Energy, LP*, 104 F.4th 958, 964 (6th Cir. 2024) ("In terms of sequencing, we need not address subject-matter jurisdiction before we address the timeliness of removal."). Thus, because the Court can resolve Plaintiff's Motion on the timeliness issue alone, the Court limits its discussion to the timeliness of Defendant's Notice.

5

on a "defect other than lack of subject matter jurisdiction"). "[U]ntimely removal is a procedural rather than a jurisdictional defect." *Grudzinski v. Staren*, 87 Fed. Appx. 508, 512 (6th Cir. 2004) (citing *Graham v. Tennessee Secondary Sch. Athletic Ass'n*, 1997 WL 76958 at *3 n.9 (6th Cir. 1997)).

Section 1446 establishes two relevant time periods for removal. The first is set forth in § 1446(b)(1) that provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Section 1446(b)(3) creates a 'supplemental' thirty-day (30) removal period[6] in which a defendant may remove a case. It reads as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

Under § 1446(b), "the thirty-day period for removal begins to run when the initial pleading or a subsequent paper first provides 'solid and unambiguous information that the case is removable.'" *Forest Creek Townhomes, LLC v. Carroll Property Mgmt., LLC*, 695 Fed. Appx. 908, 912 (6th Cir.

---

[6] *See Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 237 (7th Cir. 2021) (referring to the removal period under § 1446(b)(3) as the "supplemental clock").

2017) (quoting *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015)) (internal quotation marks and citation omitted). "Therefore, the thirty-day period for removal begins when a defendant has solid and unambiguous information that a federal district court would have jurisdiction over the case." *Id.*

Ragland cites one case in support of his contention that asserting a TILA claim in the Complaint made the case removable, *Covel v. PNC Bank*, N.A., 2020 WL 127699 (N.D. Ohio Jan. 10, 2020). While *Covel* supports Ragland's basic proposition that a TILA claim (as a claim arising under federal law) triggers the thirty-day (30) period for removal under § 1446(b)(1), *Covel* does not speak directly to the issue Defendant's Notice presents, i.e., whether the Amended Complaint filed on December 16, 2024, opened the supplemental removal period for WSI to remove the case under § 1446(b)(3).

However, in *Covel*, the court cited to *Pittman v. Quest Diagnostics, Inc.*, 2016 WL 540673 (D. Md. Feb. 11, 2016), which does directly address that issue. In *Pittman*, "[a]t the outset of the litigation, the suit contained a federal question but it lacked complete diversity. Removal occurred within thirty days of the existence of complete diversity, but more than thirty days after the suit was served upon the defendant." 2016 WL 540673 at *1. Pittman filed a lawsuit in Maryland state court asserting a claim under 42 U.S.C. § 1981 and claims under Maryland law against three defendants, Quest Diagnostics, Wanda Sprague, and John Loh, and served all of them by August 2015. *See id.* Like Pittman, Sprague and Loh were citizens of Maryland, but Quest was not. *See id.* at *3. On September 16, 2015, the court dismissed Sprague and Loh, leaving only Pittman as the plaintiff and non-Maryland citizen Quest as the defendant, thereby creating diversity jurisdiction. *See id.* at *4. Quest then filed its notice of removal on October 9, 2015. *See id.* The court held that although the

7

state court's dismissal order created a *new* basis for federal jurisdiction, that order did not trigger the supplemental thirty-day (30) removal period under § 1446(b)(3) because while "dismissal of non-diverse parties is an occurrence 'from which it may first be ascertained that the case is one which is or has become removable' . . . by its express terms, § 1446(b)(3) is set in motion only 'if the case stated by the initial pleading *is not removable.*'" *Id.* (quoting § 1446(b)(3)). "Quest overlooks that federal question jurisdiction provided a basis for removal at the outset of the litigation." *Id.* Thus, the Court determined that the case was untimely removed under § 1466(b)(3) because it had been removable "at its inception" and remanded the case to state court. *Id.* at *6

*Pittman*'s reasoning articulates what the statutory text of § 1446(b)(3) already makes clear: the supplemental removal period under § 1446(b)(3) is only triggered when an initially *non-removable* case later becomes removable, but not when an initially *removable* case later becomes removable on a different basis for federal jurisdiction. *See* § 1446(b)(3).[7] The plain text of § 1446(b)(3) opens up a removal window only "if the case stated by the initial pleading is not removable" and only when the defendant receives "a copy of an amended pleading . . . from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Put differently,

> [t]he supplementary 30-day period for filing a notice of removal, set out in Section 1446(b)(3), is available only when 'it may be first ascertained that the case is one which is or has become removable.' *Thus, an amendment of the complaint will not revive the*

---

[7] *See also Durham v. Lockeed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking. If the defendant can't convince his co-defendants to remove, he's stuck in state court, and later disclosure that the case is also removable on another ground under section 1441 doesn't help bring him to federal court."); *Rudy v. Best Elec. Air Conditioning & Plumbing LLC*, 2024 WL 4045600 at *2 (M.D. Fla. Aug. 2, 2024) (citing 28 U.S.C. § 1446(b)(3)) ("[T]he thirty-day clock only starts running from a defendant's receipt of an amended complaint when the case stated by the initial complaint is not removable. Here, the case stated by the initial complaint was removable.").

> *period for removal if the state-court case previously was removable but the defendant failed to exercise the right to remove.*

14C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (4th ed.) (emphasis added).

Here, WSI failed to timely remove because Ragland filed the Complaint on December 21, 2023, and according to the state court docket, Ragland served WSI with the Complaint on January 4, 2024. (Doc. No. 1 at PageID# 1; Doc. No. 7 at PageID# 235; Entry of Jan. 10, 2024, *Ragland v. WorkSteps, Inc.*, Case No. CV-23-990433, C.P. Cuyahoga County.) The Complaint was "removable" under § 1446(b)(1) on January 4, 2024, because on that day, the Complaint contained a federal claim under TILA, 15 U.S.C. § 1640. (Doc. No. 7 at PageID# 235; Doc. No. 13 at PageID# 278; Complaint, *Ragland v. WorkSteps, Inc.*, Case No. CV-23-990433, C.P. Cuyahoga County, at ¶¶ 19-25.) The presence of the federal TILA claim in the original Complaint allowed WSI to remove the case under § 1441(a) by invoking this Court's federal-question jurisdiction. *See* 28 U.S.C. § 1331. Therefore, given that the case was removable on January 4, 2024, WSI had thirty (30) days, or until February 5,[8] 2024, to remove the case to federal court pursuant to § 1446(b)(1), but it did not do so. Thus, even if this Court accepted WSI's novel theory that a class asserting TILA claims satisfies § 1332(a)'s jurisdictional amount, the untimeliness of WSI's removal on January 15, 2025—nearly a year after the case was removable based on federal-question jurisdiction— requires the Court to remand the case. *See* 28 U.S.C. § 1447(c); *Enbridge Energy*, 104 F.4th at 964.

**B. Motion for Attorney's Fees Under 28 U.S.C. § 1447(c)**

    **1. Ragland is entitled to an award of attorney's fees.**

---

[8] Thirty days from January 4, 2024, was February 4, 2024, a Sunday, so WSI would have had until Monday, February 5, 2024, to file its Notice of Removal. *See* Fed. R. Civ. P. 6(a)(1)(C).

9

In Plaintiff's Motion, Ragland requests that the court retain jurisdiction to adjudicate his motion for attorney fees pursuant to § 1447(c). (Doc. No. 7 at PageID# 241-42.) In Defendant's Opposition, WSI responds to Ragland's request for costs and attorney's fees with one perfunctory sentence: "Finally, in the event the Court grants the Motion, attorney fees are not warranted because this is a matter of first impression and WorkSTEPS had a good faith basis to seek removal to this Court." (Doc. No. 11 at PageID# 263.) For the reasons below, the Court agrees with Ragland that he is entitled to costs and any actual expenses, including attorney's fees.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation omitted). "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case." *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 Fed. Appx. 279, 281 (6th Cir. 2015). "An award of attorney's fees under that section rests within the sound discretion of the court." *Taylor-Sammons v. Bath*, 398 F. Supp. 2d 868, 877–78 (S.D. Ohio 2005) (citing *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993)). "Among other factors, objective reasonableness may depend on 'the clarity of the law at the time the notice of removal was filed.'" *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 Fed. Appx. 485, 489 (6th Cir. 2013) (quoting *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir. 2007)). This Court is guided by the "'large objectives' of § 1447(c), namely, both 'avoiding deterrence of proper removals' and 'reducing the attractiveness of

removal as a method for delaying litigation and imposing costs on the plaintiff.'" *McIlvaine, Inc. v. Seymour Transp., Inc.*, 2013 WL 5670955 at *4 (N.D. Ohio Oct. 16, 2013) (quoting *Martin*, 546 U.S. at 140-41).

In *Maguire v. Genesee Cnty. Sheriff*, 601 F. Supp. 2d 882 (E.D. Mich. 2009), the court awarded attorney's fees where "[t]he removing defendant made no effort to secure the consent to remove from the other defendants, and he missed the filing deadline by a factor of three." *Id.* at 886. The court explained that the motion to remand did not present a "close case" because the requirement of consent and missing the filing deadline were "rudimentary procedural concepts[.]" *Id.* In *State ex rel. Nixon v. Nextel West Corp.*, 248 F. Supp. 885 (E.D. Mo. 2003), the court awarded attorney's fees because the defendant "did not provide the Court with any persuasive authority to support its assertion that the artful pleading doctrine would provide a basis for removal jurisdiction in this case, and its reliance on [cases regarding preemption] did not support removal[.]" *Id.* at 894. Rather, the defendants' "arguments all concerned the existence of a federal defense, not an element of the plaintiff's claims." *Id.* Additionally, the courts have awarded fees where "[e]ven a cursory examination of the rules governing removal and federal question jurisdiction would have revealed that the instant suit does not qualify for either." *Fosnocht v. Demko*, 438 F. Supp. 2d 561, 565 (E.D. Pa. 2006).

In *Rudy v. Best Elec. Air Conditioning & Plumbing LLC*, 2024 WL 4045600 (M.D. Fla. Aug. 2024), the defendant made a nearly identical removal mistake as the one WSI made here. In *Rudy*, the "initial complaint contained generally the same claims arising under 47 U.S.C. § 227 and Florida-law as the amended complaint[.]" *Id.* at * 2. "Thus, the case stated by the initial complaint was just as removable based on federal-question and supplemental jurisdiction as the case stated by the

amended complaint[.]" *Id.* The defendant "argue[d] that removal occurred within thirty days of [the plaintiff's] filing of the amended complaint" but did "not provide any legal authority to support this argument" and "in any event, the thirty-day clock only starts running from a defendant's receipt of an amended complaint when the case stated by the initial complaint is not removable. Here, the case stated by the initial complaint was removable." *Id.* The court concluded that the defendant "lacked an objectively reasonable basis for seeking removal" and awarded the plaintiff attorney's fees "[g]iven the obvious untimeliness of the removal[.]" *Id.*

Here, Defendant's Opposition arguably sets forth a reasonable argument in support of its theory that the class members' pursuit of class-specific relief created diversity jurisdiction. (Doc. No. 11 at PageID#s 257-263.) But the merits of that theory—and any theory of original jurisdiction—are irrelevant if Defendant's Notice is untimely. Therefore, two key facts pertaining to WSI's procedurally defective removal show why WSI's removal was "objectively unreasonable." First, the courts in *Nextel* and *Rudy* both based their awards on the failure of the defendant to provide legal authority in opposition to the removal. *See Nextel*, 248 F. Supp. at 894; *Rudy*, 2024 WL 4045600 at *2. Ragland's first substantive argument in Plaintiff's Motion is that WSI's removal was untimely. (Doc. No. 7 at PageID# 235.) In Attorney Frederick's email correspondence with Attorney Fiechter, Attorney Frederick specifically requested that WSI withdraw the Notice of Removal, noting that "[s]ince [WSI] did not remove the case initially, it is not now removable. A case must be removed within 30 days of service of the complaint that created federal subject matter jurisdiction. 28 USC 1446." (Doc. No. 7-1 at PageID# 245.) Nevertheless, after Ragland repeated its argument in Plaintiff's Motion, WSI did not even attempt to rebut it. Like the defendants in *Nextel* and *Rudy*,

WSI failed to cite any authorities that its removal was timely or make any attempt at a response to Ragland's timeliness argument.

Second, and most importantly, a plain reading of § 1446(b) reveals that § 1446(b)(3) only opens the supplemental removal period when the "case stated by the initial pleading is not removable," but Ragland's TILA claim under 15 U.S.C. § 1640—a federal statute— objectively made the case removable "from the outset." *Covel*, 2020 WL 127699 at *3 ("Here, there was federal question jurisdiction from the outset due to the TILA claim; therefore, the case was removable from the outset."). Defendant's Opposition is directed only at Ragland's argument regarding aggregation of TILA claims, and therefore WSI overlooks that while the presence of jurisdiction is *necessary* for proper removal, it is not *sufficient*. WSI's failure to engage with Ragland's concerns of timeliness reveals not only an unwillingness to apply "rudimentary procedural concepts" or to conduct "[e]ven a cursory examination of the rules governing removal" as the defendants had failed to do in *Maguire* and *Fosnocht*, but it also shows that WSI disregarded straightforward principles of logical reasoning. *See Maguire*, 601 F. Supp. 2d at 886; *Fosnocht*, 438 F. Supp. at 565.[9] Accordingly, the Court concludes that WSI lacked an objectively reasonable basis to remove the case to this court. WSI never set forth any legal authority to support the timeliness of its removal. Indeed, a simple review of § 1446(b)(1) and (b)(3) and case law interpreting those provisions would have revealed that pursuant to § 1446(b)(1) the presence of federal-question jurisdiction in the initial pleading rendered

---

[9] Additionally, and as noted above, Defendant's Notice did not specify under which sub-section of § 1446(b) WSI based its removal, and instead only generally referred to § 1446(b). (Doc. No.1 at PageID#s 1-2.) Indeed, Defendant's Notice incorrectly refers to the Amended Complaint as an "initial pleading" when the Complaint, not the Amended Complaint, indisputably commenced the lawsuit on December 21, 2023, in state court. (*Id*.)

13

the case removable within 30 days of service of the Complaint, but § 1446(b)(3) was not available for removal on January 15, 2025, or within 30 days of the filing of the Amended Complaint.

### 2. The Court retains jurisdiction over Plaintiff's Motion for Attorney's Fees to determine the amount of the award.

"[A] district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order." *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (joining *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 445 (9th Cir. 1992) in holding that "[t]he award of fees pursuant to section 1447(c) is collateral to the decision to remand. The district court retained jurisdiction after the remand to entertain Plaintiffs' motion for attorney's fees.").

Pursuant to *Stallworth*, in *Fontain v. Sandhu*, 2022 WL 3097511 (S.D. Ohio Aug. 4, 2022), the Court set forth the following procedure to consider a motion for attorney's fees pursuant to § 1447(c):

> [D]efendants shall have fourteen days from the entry of this Order to file an affidavit and supporting documentation substantiating the costs and expenses they claim to have reasonably incurred in seeking remand. [The plaintiff] shall have fourteen days, after defendants file, in which to challenge those costs, if he so chooses. The Court will then issue an Order regarding costs and expenses. For purposes of clarity, though, the Court notes that it is remanding this case to state court immediately, and is retaining limited jurisdiction only to decide the amount of the award.

*Id.* at *3.[10] Accordingly, this Court will remand the case to state court but retain jurisdiction to determine the amount of attorney's fees to award to Ragland.

---

[10] *See also Falcon Drilling LLC v. Omni Energy Grp. LLC*, 2022 WL 458505 at *1 (S.D. Feb. 15, 2022) ("[N]otwithstanding its remand of this case, [the court] shall maintain limited jurisdiction to rule on the parties' § 1447(c) fee dispute."); *First Star Logistics, LLC v. Wholestone Farms Coop., Inc.*, 2025 WL 899036 at *2 (S.D. Ohio Mar. 25, 2025) (Ordering that the "matter shall be remanded to the Court of Common Pleas in Hamilton County, Ohio [and that] Defendant shall be ordered to pay attorney fees and costs incurred as a result of removal in an amount to be determined."); *Healthcare Facility Mgmt. LLC v. Engnan*, 2023 WL 5846874 at *4 (S.D. Ohio Sept. 11, 2023) (ordering remand but allowing plaintiff to submit application for attorney's fees seven (7) days after remand); *Rudy*, 2024 WL 4045600 at *3 (ordering plaintiff to "submit bill of costs and attorney fees indicating actual expenses that he incurred with respect to resisting the improper removal of this action" and permitting defendants to respond).

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 7) is GRANTED. The case is REMANDED to the Court of Common Pleas of Cuyahoga County, Ohio, from which it was removed.

Defendant is hereby ORDERED to pay the costs, and actual expenses, including attorney's fees ("Fees") Plaintiff incurred as a result of removal. The Court retains limited jurisdiction pursuant to 28 U.S.C. § 1447(c) solely for the purpose of determining the appropriate amount of Fees to award to Plaintiff. Within seven (7) days of the date of this Order, Plaintiff shall file a Supplement to Plaintiff's Motion that sets forth the amount of Fees and attaches supporting documentation to demonstrate the amount of Fees Plaintiff incurred due to Defendant's removal of the case to this Court. Any brief in opposition to Plaintiff's Supplement shall be filed by Defendant within seven (7) days of the filing of Plaintiff's Supplement.

**IT IS SO ORDERED.**

Date:  May 20, 2025

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE